1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DESMON LOEB,                              No. CIV S-03-0381-FCD-CMK

12             Plaintiff,

13        vs.                                  <u>FINDINGS AND RECOMMENDATIONS</u>

14   D.L. RUNNELS, et al.,

15             Defendants.

16   _____/

17             Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil

18   rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for

19   summary judgment (Doc. 55).

20

21                          **I.  BACKGROUND**

22   **A.**    **<u>Procedural History</u>**

23             This action proceeds on plaintiff's amended complaint, filed on May 27, 2003.  On

24   November 19, 2003, the court: (1) dismissed all claims against defendants Runnels, Felker,

25   Johnson, Cole, and Boitano; (2) dismissed plaintiff's due process claims against defendants

26   Mumby, and Cain; and (3) dismissed plaintiff's due process claims against defendants Wagner

1

and Mumby with respect to processing a grievance concerning confiscated property.  On May 14, 2004, the court dismissed defendant Kopec.  On August 19, 2004, the court dismissed plaintiff's claims against defendant Jackson for failure to exhaust administrative remedies.  Pursuant to the August 19, 2004, order, this action now proceeds against defendants Mumby and Cain solely on plaintiff's retaliation claims, and against defendant Wagner on plaintiff's due process and retaliation claims with respect to the processing of plaintiff's grievances (other than grievances relating to the confiscation of personal property).

**B.   <u>Summary of Plaintiff's Claims</u>**

Plaintiff claims that defendants Mumby and Cain retaliated against him because he had filed inmate grievances in April and May 2002 following plaintiff's placement in administrative segregation for failing to return to his cell.  Plaintiff also claims that defendants Mumby and Cain retaliated against him because he disagreed with his work placement.  As to defendant Wagner, plaintiff contends that he failed to investigate inmate grievances in retaliation for plaintiff having filed grievances against defendant Wagner on prior occasions.  Plaintiff also claims that defendant Wagner violated his due process rights in connection with processing plaintiff's grievances.

## II.  APPLICABLE STANDARD

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

> **the moving party** always bears the initial responsibility of informing the district court of the basis for
> its motion, and identifying those portions of "the pleadings, depositions, answers
> to interrogatories, and admissions on file, together with the affidavits, if any,"
> which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment

1  motion may properly be made in reliance solely on the 'pleadings, depositions, answers to

2  interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered, after

3  adequate time for discovery and upon motion, against a party who fails to make a showing

4  sufficient to establish the existence of an element essential to that party's case, and on which that

5  party will bear the burden of proof at trial.  Id. at 322.  "[A] complete failure of proof concerning

6  an essential element of the nonmoving party's case necessarily renders all other facts immaterial."

7  Id.  In such a circumstance, summary judgment should be granted, "so long as whatever is before

8  the district court demonstrates that the standard for entry of summary judgment, as set forth in

9  Rule 56(c), is satisfied."  Id. at 323.

10           If the moving party meets its initial responsibility, the burden then shifts to the

11  opposing party to establish that a genuine issue as to any material fact actually does exist.  See

12  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to

13  establish the existence of this factual dispute, the opposing party may not rely upon the

14  allegations or denials of its pleadings but is required to tender evidence of specific facts in the

15  form of affidavits, and/or admissible discovery material, in support of its contention that the

16  dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party

17  must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

18  of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986);

19  T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and

20  that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict

21  for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

22           In the endeavor to establish the existence of a factual dispute, the opposing party

23  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

24  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

25  versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

26  judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

1  genuine need for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

2  committee's note on 1963 amendments).

3          In resolving the summary judgment motion, the court examines the pleadings,

4  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.

5  <u>See</u> Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  <u>See</u> <u>Anderson</u>,

6  477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

7  court must be drawn in favor of the opposing party.  <u>See</u> <u>Matsushita</u>, 475 U.S. at 587.

8  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

9  produce a factual predicate from which the inference may be drawn.  <u>See</u> <u>Richards v. Nielsen</u>

10 <u>Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), <u>aff'd</u>, 810 F.2d 898, 902 (9th Cir.

11 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

12 show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

13 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

14 'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (citation omitted).

15

16                          **III.  DISCUSSION**

17          As outlined above, plaintiff's retaliation and due process claims are the sole

18 remaining issues in this case.

19      **A.   <u>Retaliation</u>**

20          Prisoners retain a First Amendment right to petition the government through the

21 prison grievance process.  <u>See</u> <u>Bradley v. Hall</u>, 64 F.3d 1276, 1279 (9th Cir. 1995).  In order to

22 prevail on a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was

23 retaliated against for exercising a constitutional right, and that the retaliatory action was not

24 related to a legitimate penological purpose, such as preserving institutional security.  <u>See</u> <u>Barnett</u>

25 <u>v. Centoni</u>, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  In meeting this standard, the

26 prisoner must submit evidence establishing a specific link between the alleged retaliation and the

1 exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995);

2 Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also

3 establish that his constitutional right was actually chilled by the alleged retaliatory conduct.  See

4 Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).  Thus, the prisoner plaintiff must establish

5 the following in order to prevail on a claim of retaliation:  (1) prison officials took adverse action

6 against the inmate; (2) the adverse action was taken because the inmate engaged in protected

7 conduct; (3) the adverse action actually chilled the inmate's First Amendment rights; and (4) the

8 adverse action did not serve a legitimate penological purpose.  See Rhodes v. Robinson, 408 F.3d

9 559, 568 (9th Cir. 2005).  It is the prisoner's burden to establish that there were no legitimate

10 penological purposes motivating the actions of which he complains.  See Pratt, 65 F.3d at 808.

11 Finally, retaliation claims are evaluated in light of the deference generally accorded prison

12 officials.  See id. at 807.

13        To prevail on his motion for summary judgment, plaintiff must provide undisputed

14 evidence establishing each of the elements of his retaliation claim.  Here, the only evidence

15 submitted with plaintiff's motion is his own declaration.  However, the court concludes that this

16 "evidence" is nothing more than a conclusory recitation of plaintiff's claims.  Plaintiff cannot,

17 therefore, meet his summary judgment burden.  Moreover, defendants have submitted

18 declarations in support of their opposition to plaintiff's motion tending to suggest that their

19 conduct served legitimate penological purposes.  Thus, it is clear that there are disputed issues of

20 material fact which preclude granting summary judgment.

21        **B.    Due Process**

22        The Due Process Clause protects prisoners from being deprived of life, liberty, or

23 property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to

24 prevail on a claim of deprivation of due process, a plaintiff must first establish the existence of a

25 liberty or property interest for which the protection is sought.  See Ingraham v. Wright, 430 U.S.

26 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972).  Due process protects against

5

1 the deprivation of property where there is a legitimate claim of entitlement to the property.  See

2 Bd. of Regents, 408 U.S. at 577.  Protected property interests are created, and their dimensions

3 are defined, by existing rules that stem from an independent source – such as state law – and

4 which secure certain benefits and support claims of entitlement to those benefits.  See id.

5        Liberty interests can arise both from the Constitution and from state law.  See

6 Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976);

7 Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993).  In determining whether the Constitution

8 itself protects a liberty interest, the court should consider whether the practice in question ". . . is

9 within the normal limits or range of custody which the conviction has authorized the State to

10 impose."  Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974); Smith, 994 F.2d at 1405.   In

11 determining whether state law confers a liberty interest, the Supreme Court has adopted an

12 approach in which the existence of a liberty interest is determined by focusing on the nature of the

13 deprivation.  See Sandin, 515 U.S. at 481-84.  In doing so, the Court has held that state law

14 creates a liberty interest deserving of protection only where the deprivation in question: (1)

15 restrains the inmate's freedom in a manner not expected from the sentence; and (2) "imposes

16 atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

17 Id. at 483-84.

18        Applying these standards, the Supreme Court has concluded that prisoners have no

19 liberty interest in good-time credits, see Wolff, 418 U.S. at 557; in remaining in the general

20 population, see Sandin v. Conner, 515 U.S. 472, 485-86 (1995); in not losing privileges, see

21 Baxter v. Palmigiano, 425 U.S. 308, 323 (1976); in staying at a particular institution, see

22 Meachum, 427 U.S. at 225-27; or in remaining in a prison in a particular state, see Olim v.

23 Wakinekona, 461 U.S. 238, 245-47 (1983).  The Ninth Circuit has concluded that prisoners have

24 no liberty interest in remaining free from administrative segregation or solitary confinement.  See

25 May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).

26        As with plaintiff's retaliation claims, plaintiff has not provided undisputed

6

evidence which establishes a due process violation as a matter of law.  Again, the only "evidence"
submitted by plaintiff is his conclusory declaration.  In any event, and as defendants correctly
note, a prison's grievance process does not confer a substantive right because inmates do not have
a right to a particular grievance procedure.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.
2003).  Plaintiff has not alleged that the prison has no grievance procedure.  And, in fact, the
record demonstrates that a procedure for grievances does exist.  Plaintiff's allegations concerning
defendant Wagner's processing of his inmate grievance do not give rise to a due process
violation.  Moreover, to the extent plaintiff asserts that defendants failed to follow state law
requirements as to processing of inmate grievances, such a claim is not cognizable under 42
U.S.C. § 1983.  See Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001).

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that plaintiff's motion for
summary judgment be denied.

These findings and recommendations are submitted to the United States District
Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
after being served with these findings and recommendations, any party may file written objections
with the court.  The document should be captioned "Objections to Magistrate Judge's Findings
and Recommendations."  Failure to file objections within the specified time may waive the right
to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


DATED:   October 19, 2005.


                                        _____
                                        CRAIG M. KELLISON
                                        UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26